UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRY KERAMES,

                Plaintiff,

      -against-

WELLS FARGO,

                Defendants.

1:22-CV-8672 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated and entered on October 21, 2022, the Court construed Plaintiff's *pro se* complaint as asserting claims under state law under the Court's diversity jurisdiction, and the Court, *sua sponte*, directed that this action be transferred, under 28 U.S.C. § 1406(a), to the United States District Court for the District of Connecticut. (ECF 4.) Three days later, on October 24, 2022, Plaintiff filed an "Objection to Change of Venue" in which he claims, for the first time, that he and Defendant Wells Fargo have "agreed to the filing of this case in this forum."[1] (ECF 5, at 1.) He asks the Court to "reverse its decision to change forum and sustain[] [his] objection." (*Id.* at 2.)

      In light of Plaintiff's *pro se* status, the Court construes Plaintiff's "objection" as a Local Civil Rule 6.3 motion for reconsideration in which Plaintiff challenges the Court's October 21, 2022, order transferring this action to the District of Connecticut. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal

---

[1] Plaintiff does not specify when he and Wells Fargo came to that agreement, and other than mentioning the agreement itself, he alleges no facts and attaches no documents demonstrating its existence or when it came into existence.

construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). For the reasons discussed below, however, the Court denies this motion.

## DISCUSSION

A party who seeks reconsideration under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation and citations omitted).

Plaintiff has not demonstrated that the Court has overlooked any controlling decisions or factual matters with respect to the Court's transfer of this action to the District of Connecticut. In its October 21, 2022, order, the Court noted that Plaintiff alleged in his complaint that Wells Fargo is located in San Francisco, California, which is within the Northern District of California, and that the property at issue is located in Connecticut, which is within the District of Connecticut. (ECF 4, at 2.) The Court held that, under the relevant venue provision, 28 U.S.C. § 1391(b), the United States District Court for the Northern District of California is a proper venue for this action under Section 1391(b)(1), and that the United States District Court for the District of Connecticut is a proper venue for this action under Section 1391(b)(2). (*Id.*) While

Plaintiff alleged in his complaint that "Wells Fargo ha[s] substantial interests and ties to the State of New York" (ECF 1, at 4), the Court determined that such an allegation was insufficient to show that this court is a proper venue for this action (ECF 4, at 2, n.1).

Plaintiff alleged nothing in his complaint, however, about any agreement that he has with Wells Fargo to bring this action in this court. Such information, of which Plaintiff informs the Court for the first time in his "objection," without any supporting facts or documents showing the agreement's existence or the date in which it came into existence, is precisely the type of "new evidence [presented] in response to the court's ruling" that is not permitted in a Local Civil Rule 6.3 motion for reconsideration, rather than in a complaint. *SimplexGrinnell LP*, 642 F. Supp. 2d at 209-10 (internal quotation marks and citations omitted).

In addition, none of the other information that Plaintiff provides in his "objection" – including his allegations that: (1) this action is related to actions pending in Australian courts; (2) there was an article published in the *Financial Times* on October 17, 2022, about "the biggest financial fraud in history [that] exceed[ed] $10 billion"; (3) there are "Credit Swiss investor cases" pending in this court; (4) a business called Tokyo Marine, which deals with Plaintiff's business in Greece, noticed that thousands of the loans that are the subject of the actions in the Australian courts "w[e]re in the Tri-State area"; and (5) Wells Fargo and Tokyo Marine "risk[] losing billons from th[o]se loans" (ECF 5, at 1-2) – is sufficient to show that the Court overlooked controlling law or factual matters when it ordered this action's transfer. Moreover, Plaintiff does not explain why, in his complaint, he made generalized allegations as to Wells Fargo's supposed interests in and ties to the State of New York, but only now, after the Court has ordered this action's transfer, alleges in his "objection," without supporting facts or documentation, that on an unspecified date, he came to an agreement with Wells Fargo to bring

3

this action in this court. Accordingly, the Court denies Plaintiff's Local Civil Rule 6.3 motion for reconsideration.

## CONCLUSION

The Court construes Plaintiff's "Objection to Change of Venue" (ECF 5) as a motion for reconsideration under Local Civil Rule 6.3, and the Court denies this motion.

This action is closed in this court. The Clerk of Court will only accept for filing in this action documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents in this action that are frivolous or meritless, the Court will direct Plaintiff to show cause why he should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 25, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge